United States District Court
Southern District of Indiana
Indianapolis Division

Greg Taylor, Victor Rivera, on behalf of putive class et.al,
Plaintiffs

V.

Cause No. 1:22-cv-809-TWP-DML

Robert Carter Jr., Christina Zeittke, Centurion medical Services Warden Dennis Reagel et. al., In Individual and official defendants.

## I. Complaint (class Action)

1. This class action is brought pursuant to the Rule 23, Fed R Civ P. and is Authorized pursuant to Section 42 USC 1983 to redress the deprivation of Rights Secured by the United States Constitution, For the deprivation of these rights by those acting under Color of State Law. Title II and III of the ADA and RA.

## II. Jurisdiction and Venue

2. The Court has Jurisdiction under 28 USC Section 1331 and 1343(a)(3), Plaintiff Class seeks declatory Relief pursuant to 28 USC Section 2201 and 2202; Plaintiff Class injunctive relief are Authorized by 28 USC Section 2283 and 2284.

3. The Southern District of Indiana is an appropriate Venue under 28 USC Section 1391(b)(2), because

(1)

It is where these deprivations took place giving rise to this class action.

4. This Court has Supplemental Jurisdiction over Plaintiff Class state tort claims pursuant to 28 USC Section 1367 of: Malpratice (psychiatric), Breach of Contract and The Wanton and Intentional infliction of emotional Distress, emotional Harm, Mental Anguish, Mental Distress and Mental Suffering. Negligence.

(A) Violations to the Health Insurance Portability and Accountability Act of 1996 (HIPPA), 110 Stat. 1936 (1996) Plaintiff Class Stipulates it has "No Private Right of Action" See; Reese v. Cmty. Hosp. Network, NO. 1:10-cv-1185-TAB-TWP, But Plaintiff Class is being refused proper Contact Info. of the Secretary of Health and Human Services to Stop Plaintiff Class from "redress of grievances" and to Further promote their violations of (HIPPA).

### III. Plaintiffs

5. Plaintiffs Drey Taylor and Victor Rivera are in the Intensive Residential Treatment Program located at the: Pendleton Corr. Facility
4490 W. Reformatory Rd.
Pendleton, In - 46064

6. Plaintiff Class is Labeled as all State Prisoners Located at the New Castle Correctional Facility (Psychiatric), The Special Needs Unit located at the Wabash Valley

(2)

Correctional Facility and Pendleton Correctional Facility (IRT) That are all deemed "Seriously Mentally Ill" by Commissioner Robert Carter Jr.; See Indiana Protection and Advocacy v. Commissioner, Indiana Dept. of Correction, NO. 1:08-cv-01317-TWP-MJD

The Plaintiff Class is defined as:
All current and future mentally ill prisoners who are State Prisoners committed to the Indiana Dept of Corrections are labeled as "Seriously Mentally Ill" are housed in Segregation, disciplinary Segregation, The (SNU) Wabash Valley, (NCP) New Castle, (IRT) Pendleton. That Features extended periods of Time in Cell, including but Not limited to Segregation.

## IV. Defendants

7. Defendant Robert Carter Jr. is Commissioner of The (IDOC) and is responsible for the well being of every single Prisoner Committed to the (IDOC):

Robert Carter Jr. Commissioner (IDOC)
Indiana Gov. Building South - Rm. E334
Indianapolis, In 46204

8. Centurion Medical Services is "Under Contract" with The (IDOC) to provide Medical and Mental Health Services to Inmates Housed in The (IDOC), 9245 N. Meridian St. Indianapolis, In - 46260

9. Defendant Warden Dennis Reagal is The Warden at Pendleton and is responsible for the well being of every Prisoner housed in The (IRT) Intensive Residential Treatment

(3)

10. Defendant Christine Liedtke is the chief Psychologist at the (IRT) program and makes the determinations as to who goes and stays in Segregation; and is responsible for the treatment and care of all the mentally ill housed at the (IRT) and is employed by Centurion.

11. All defendants named are legally responsible for all Plaintiffs named herein and all are sued in their individual and official Capacity.

### V. Facts 8th Amendment

12. Plaintiff class is being subjected to extended periods of Segregation that is harmful to Prisoners with serious mental illness in three ways. The First is the lack of Social interaction, such as isolation itself creates problems. The Second is that the isolation involves significant sensory deprivation and the Third is the enforced idleness, permitting no activities or distractions all of these factors exacerbate symptoms of serious mental illness.

13. That these extended periods in Segregation are causing Plaintiff class members's "Decompensation in the forms of auditory or visual hallucinations, Sleep disturbance, memory problems, anxiety, Paranoia, depression, eating problems, engagement of the Practice of Self-Mutilation or suicide and all of these symptoms produce behaviors which become an threat to Staff and Prisoners alike, Then the mentally ill are subjected to Disciplinary Process which defendants created

(4)

14. Plaintiffs state the fact that the IDOC are aware of these effects through the private settlement agreement to (2) previous lawsuits, Mast v. Donahue, No. 2:05-cv-37 (S.D. IND.), wherein the IDOC agreed that prisoners with Axis-I diagnoses would NOT be placed in the Special Confinement Unit and to which the Commissioner of the IDOC stated:

"These offenders may have been diagnosed with a mental disorder that is worsened by confinement in a Secure Confinement Unit (SCU). In these cases, It is in the best interests of IDOC to attempt to obtain M/H treatment for these offenders."

15. The Second Lawsuit which defendants where made aware of these eighth Amendment Constitutional deprivations is, Indiana Protection and Advocacy v. Commissioner IDOC, NO. 1:08-cv-01317-TWP-MJD. (S.D. IND.)

16. Plaintiff Class maintains the fact that Both of these "Private Settlements" are Unconstitutional as they leave "loop-holes" that allow the defendants to maintain the exact same conditions of confinement (that the defendants are aware that exists), by calling them by another name such as (C-Unit) at Pendleton and (New Castle-Psychiatric) which is an Completely locked down M/H Unit.

(5)

17. Plaintiff class maintains that the Mental Health treatment that the defendants agreed to provide the Plaintiffs with in I.P.A.S. v. IDOC No. 1:08-cv-01317-TWP-MJD is unconstitutional. First the defendants agreed to 10 hours a week (never happens) and the treatment only consists of an behavioral Health Services (BHS) Staff member reading of some sort of paper document that is downloaded from Centurion Medical Services that is either about one specific M/H diagnoses or (D.B.T.) which Plaintiff class maintains is nothing more than "Brain Washing" and nothing else. There is absolutely not actual M/H treatment taking place at any IDOC mental Health facility as I've been to all three (SNU), (NCF), (RTI) wherein the A.A., N.A., Occupational therapy, music therapy and all of the other types of psychological services provided by other Mental Health Institutions.

18. Plaintiffs also maintain the fact that use of the "Operation of Adult Disciplinary Segregation manual" and "02-04-101 Disciplinary Code for Adult Offenders" as it pertains to the "Seriously Mentally ill" is unconstitutional. The defendants have the authority in Washington v. Harper to help them in the matter of maintaining safety and security concerns that all involve that will meet the penological interests by the IDOC, if they were to only utilize it.

19. The concept of labeling one person as being "Seriously Mentally ill" and then finding them responsible for actions that they have no control over is ridiculous.

(6)

20. Plaintiffs also state the fact that to place any person labeled as "seriously mentally ill" in a confined place other than what is determined and deemed appropriate by an Psychiatrist order for the use of Medical Seclusion is unconstitutional.

21. Plaintiffs state also that the use of "Inmate Suicide Watch" is also unconstitutional, how are you gonna delegate your responsibilities to an person that is having an suicide crisis to an inmate to depend on that inmate for that persons survival, Not to mention the exploitation of sexual abuse and other corrupt acts that are perpetuated against the mentally ill, along with fact that these "Inmate Watchers" have no First aid Training, CPR, and are not even qualified to assist an M/H person or recieve proper Training, dont possess keys to administer life Saving Treatment and can only be relied upon as prison "Snitches" which constitute an whole set of other implications of Constitutional violations and advocate prisoner assault.

22. Plaintiffs also maintain that spraying inmates that are labeled as "Seriously Mentally ill" is unconstitutional. See Thomas v. McNeil, 2009 U.S. Dist. Lexis 1208., with O.C. spray, pepper gas or paint ball bullets is all the same.

23. Plaintiff would also like to state that the (HIPPA) Violations of mental health staff discussing aloud and infront of everyone to hear also Constitutes an violation of prisoner rights

24. Plaintiff class also states that the IDOC and Centurion maintains an policy of refusing medications to those labeled as "seriously mentally ill", because of costs even though they have been provided proof that those medications work and actually provide relief from such mental health defects and such policy "NON-formulary" is thus unconstitutional.

25. Plaintiff class states also that the use of IDOC Corrections officers (GEO at NCF) is unconstitutional. They have no training on the correct types of descalation of mental behaviors, counseling or other preventive measures that are required as an "Certified Medical Assistant" to provide treatment to those in mental health institutions.

26. Plaintiffs would also like to state the fact that the Commissioners testimony to the court in Case No. 1:08-cv-01317-TWP-MJD, states the fact that at Pendleton Correctional Facility in segregation has 5-7 officers plus Lts. and Sgts., currently in the Seg. Unit (G-unit) which houses "mentally ill" prisoners has only (2) officers.

27. Plaintiffs class also states that the defendants refusal to treat mental disorders such as attention deficit disorder, adult hyper activity disorder, anxiety disorder with the correct medications that give them relief of said disorders, that are also cause disruptive behaviors, mental anguish and mental suffering and are legitimate diagnoses by the (DSMV) manual is also unconstitutional.

(8)

28. Plaintiff class also states that Warden Dennis Reagle's actions of letting Lt. McKinney and Christine Ziekle operate the Intensive Residential Treatment Program without any oversight from his administration is also unconstitutional.

29. Plaintiff class also states that Warden Dennis Reagle's inaction to address the issues that were previously sent to him for redress is also in all of these issues and even after being told of the mentally ill's plights and the refusal of Grievance Specialist Christine Conyers to process grievances of all these issues is unconstitutional and the fact that prisoners who are labeled as "Seriously mentally ill" and that are in need of assistance in airing their issues are not being provided with assistance.

30. Plaintiff also state the fact that Defendants use of one qualified Psychiatrist who is able to prescribe medications for the General Population and a Full Time Psychiatric Unit (IRT) and can only stop at an inmates cell door for seconds every 90 days and is exspected to make an proper diagnoses and order medications for diagnoses is also unconstitutional.

31. Plaintiffs also state the fact that defendants use of medications that require follow up blood work and special attention by the provider is also not taking place and that is unconstitutional.

(9)

32. Plaintiff Class also states That Warden Dennis Reagle has got Lt. McKinny Running This Program and The Fact That He Has <u>No Type</u> of <u>Formal Education</u> Whats So ever is also unconstitutional. (Plaintiff Class would like To Know who hired him?)

33. Plaintiff class would also state That The Affliction of mental illness was Not even choice of the affected and Thier is caused by genetics and just because Society Chose To close all of The Mental Institutions They Should Not be Subjected To an lesser Form of Treatment That was required in State mental institutions

34. Plaintiff Class also states That (Dr. Mays) going cell To cell and Stating That you are allowed only one Type of anti-Depressant by Centurion and all other Meds will be discontinued is based on Costs of meds and Not based on any Type of Professional Training he has recieved, Time Taken To make an proper diagnosis, and refusal To order The appropiate Type of Meds For an clearly established prior Mental Health diagnosis is an Constitutional Violation even after Several Pleas To aquire The Correct meds.

(10)

## VI. Facts 14th Amendment

35. Defendants are under the assumption that they can find us to be mentally incompetent or having mental defects and that gives them the right to force NON-Emergency psychiatric treatment on us, but them just stating the fact that we require treatment give us an (classification) Code of: E without any of the procedural protections as prescribed by the United States Supreme Court in Vitek v. Jones or Washington v. Harper.

36. Defendants are also under the assumption that they can refuse us "specific" meds required for specific diagnoses such as (Bi-Polar) is when an person has extreme highs and lows, highs being sorta manic, lows being cannot even get up out of bed, But when you refuse psychiatric treatment the defendants want to punish you without any due process.

37. Defendants are under the assumption that they can evaluate you give you an mental health Code of: E and then send you to an mental health facility without any of the procedural protections prescribed in Vitek v. Jones U.S. Supreme Ct..

(11)

38. Defendants are also under the assumption that they can develope an "Case Management Plan" and make as an requirement that you comply with Psychiatric Treatment or you will be arbitrarily denied Good Time Credits without and procedural protections or Due Process.

## VII ADA Title II and III, RA

39. Plaintiffs class members all are diagnosed with several types of Mental defects, Mental impairments, Mental retardation and so fourth.

40. and they all substantially limit one or more of such persons Major life activities, such as, but Not limited to, Thinking, Communication, Personal hygiene, eating, sleeping, Rationalizing information

41. Each Plaintiff will have separate and different types of diagnoses and Treatment Plans that are all documented by the defendants

42. All members of the Plaintiff class are labeled as "Seriously Mentally ill" by the Commissioners office
* Note Please Review exsspert Testimony by Dr. Walsh and Dr. Burns, specifically on this Plaintiff class and Commissioners Testimony; See Indiana Protection and advocacy v. Commissioner (IDOC) - 2012 U.S. Dist. Lexis 182974 - Bench Trial by Chief Judge Tonya Walton Pratt.

(12)

43. Services and activities that are being denied to Plaintiff class are as follows but not limited to Vocational, Educational, Medical and Psychiatric (Proper diagnoses), Medications to properly treat mental defects (not a list of an couple types) that you can choose from, Dept of Labor programs, chow hall, law library, assistance in Grievance and Government redress, Mental Health Treatment such as Music Therapy, Occupational Therapy, teach us how to be independant such as Cooking classes, laundry, Personal Hygine and also NA, A.A. and other Drug classes, Not an BHS worker Downloading info about m/H diagnoses and reading it for 1 hour. We are already aware of our mental defects. See Crawford v. IDOC, 115 F.3d 481 (7th Cir 1997), and are also denied Time Cuts for these services.

45. Plaintiff Class realleges key reference paragraphs 1-43 as these are all policies kept by defendants, written or otherwise.

## VIII. Legal Claims

46. Systemic Deliberate indifference, Cruel and unusual Punishment, are all violations of Plaintiff Class eighth Amendment United States Constitutional Rights, since defendants are aware the exists.

47) refusal to provide Plaintiff class with Due process and Procedural protections prescribed by the United States Supreme Court in Vatek v. Jones and Washington v Harper is an violation of Plaintiff class Fourteenth Amendment rights

(13)

## IX. State Tort Claims

48. Malpractice: For the refusal to order two types of anti-depressants, the failure to make the proper diagnosis, provide meds for ligitimate mental health diagnosis and taking the time to spend with each individual Plaintiff class member with an psychiatrist that he may be able to make proper diagnosis on Professional Judgment.

49. Breach of Contract: For the Commissioners, refusal to maintain his agreement in the Private Settlement agreement in (Indiana Protection and Advocacy v: Commissioner (IDOC)-2018 U.S. Dist. Lexis 38418, specifically the "30 day" Rule which states NO "Seriously Mentally ill" Prisoner Shall exceed 30 days in Segregation as there are several plaintiff class members currently being held in Seg at the (SIRT) Facility past 30 days (I have been personally been here since 1-31-22). Also the Fact that the New Castle Psychiatric Center is an Lockdown Segregation Unit
Merriam-Websters (Dictionary of Law), Segregate: Separation of Individuals or groups.
You can call it an "Day Bay" if you want but that is NOT what it is, I've spent 35 years in the IDOC and believe me I know Seg.

50. Breach of Contract: Defendant Centurion, Defendant Christine Liedke, Defendant Commission for Not maintaining the 10 hours of Mental Health Treatment in the Private Settlement agreement by Contractual Agreement Centurion: States that It will honor all of (IDOC) Settlements and follow all orders of the Court(s), which it has NEVER maintained 10 hours of Group Therapy every week. (=PAS v IDOC, suris 38418)

51. Breach of Contract: Centurion for Breach of Contract with the IDOC for Not Providing (appropriate) mental Health Treatment as Plaintiff Class is an Third Party Beneficiary to said Contract and Not Providing the Correct Type of Meds required for certain m/H diagnoses.

52. The Wanton Infliction of emotional Distress, emotional Harm, Mental Anguish, Mental Distress and Mental Suffering against all defendants since all have been made aware of the decompensation of the Mentally ill and the extent of the mental behaviors that it manifests in because of these extended stays in Seg. and then using misconduct to Correct the exact Type of behaviors that they create, The Continued Deliberate Indifference to Serious mental Health Needs, Not providing adequate m/H Treatment or Medications because of the Cost of those meds.

(15)

53. Gross Negligence: The defendants Continue to interview "Seriously Mentally ill" Prisoners from the Cell door, providing Prison Gangs with Words as "Weapons", by disclosing Confidential info in front of every Signal Person in the Unit, where then that info is used to extort, intimidate and further discrimination of the mentally ill.

54. Gross Negligence: The defendants Continue to allow other Prisoners to watch Prisoners on Suicide watch w/o proper Mental Health training, CPR, First aid and they have No way of providing as they Cannot open cell.

55. Gross Negligence: By allowing Rapists, child Molesters, Sexual deviants to watch Prisoners on Suicide Watch (WCP)

56. Gross Negligence: By letting other Prisoners to watch Suicidal Inmates who provide Razors to Prisoners to Self-Harm and Promoting "Prison Snitches"

57. Gross Negligence: by Not utilizing Anti-psychotic meds or restraints to Stop (SMI) from Self-Harming.

The Plaintiff has No Plain, adequate or Complete remedy at law to redress the wrongs described herein, Plaintiff has been and will Continue to be irreparably injured by the Conduct of the defendants, unless this Court grants declatory and injunctive relief which Plaintiff Class Seeks.

(16)

## X. Prayer For Relief

Wherefore Plaintiff Class respectfully prays that this Court enter Judgment granting Plaintiffs:

58. A declaration that the Acts and Omissions described herein violated Plaintiff Class rights under the Constitution and Laws of the United States and Constitution and Laws of the State of Indiana.

59. A preliminary Injunction and permanent injunction

60. Compensatory damages in the Amount of $5,000,000.00 against each defendant, Jointly and severally.

61. $50,000,000.00 Punitive damages, against each defendant, To be used as Money To help Build an 250 Bed Mental Health Facility For inpatient Treatment (To be set-up and Run) just like the M/H Facility in Ypsilanti, Michigan. (Huron Valley Center)

62. For the Court To appoint an Special Masters To Travel To Ypsilanti Michigan, Tour the M/H Facility and Report findings Back To The Court in an Report. See United States v Michigan, 1987 U.S. Dist Lexis 9302

63. Plaintiff Class also demands an Trial by Jury on all accounts that are Triable by jury.

(17)

64. Plaintiffs Costs in This Suit

65. Reasonable Attorney Fees.

66. Any additional relief This Court deems Just, proper, and equitable.

Date: 4-24-22

x _Greg Taylor_ — Plaintiff Pro Se

x _Victor Rivera_ — Plaintiff Pro Se

## Verification

I have read The Foregoing Complaint and hereby verify That The Matters alleged therein are True, except as To matters alleged on information and belief, and as To Those, I believe Them To be True. I certify under penalty of Perjury That The Foregoing is True and Correct.

Executed at Madison County, Indiana on, April 29th, 2022

x _Greg Taylor_

x _Victor Rivera_

(18)